IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY CAPSHAW                                                               PLAINTIFF

Civil No. 01-6007

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                          DEFENDANT

## **MEMORANDUM OPINION**

Pending now before the undersigned on this 6th day of January, 2006, is the Motion For Attorney's Fees pursuant to *42 U.S.C. § 406(b)* filed on October 16, 2005, by Shannon Muse Carroll, attorney for the plaintiff (Doc #25). The defendant filed her Response on November 9, 2005 (Doc. #26). On September 19, 2002, the undersigned remanded this matter pursuant to sentence four, *42 U.S.C. § 405(g)* (Doc. #17 & 18). On November 12, 2002, counsel for the plaintiff filed an Application for Attorney's Fees Under the Equal Access to Justice Act, seeking an award of $4,893.75 (Doc. #19-21). Counsel for the defendant did not object (Doc. #22). On April 10, 2003, the undersigned granted counsel's application and awarded an attorney's fee of $2,275.00, for work performed before this court, under the *EAJA*.

According to counsel for the plaintiff, upon remand, the plaintiff received a favorable decision (Doc. #25). Counsel now seeks approval of an attorney's fee in the amount of $4,750.00, which amount, he asserts, represents 19 hours at $250.00 per hour for her work performed on behalf of the plaintiff before the administration. A sum total of $13,209.80, or 25% of the past due social security benefits paid on the plaintiff's behalf, is being withheld

by the Social Security Administration for the payment of a reasonable attorney's fee (Doc. #25, Affidavit).

Further, counsel for the plaintiff asserts:

> That in the event this Court is able to award payment of attorney's fees for services rendered on behalf of the plaintiff before this Court in the amount of $4,750.00, 19 hours x $250.00/hour, and not for time spent before the Social Security Administration, affiant would request that he be allowed to petition additionally to the [SSA] for the balance of his fee to him, the total amount of said fee, however, not to exceed 25% of the total past due benefits to which the plaintiff is entitled.

(Doc. #25, Affidavit, p. 3). The matter of attorney's fees for services performed at the administrative level is committed by *42 U.S.C. § 406(b)(1)*, to the responsibility of the Commissioner, and such fees may not be awarded by the courts. *Pitman v. Sullivan, 911 F.2d 42, 45 (8th Cir.1990)*. Thus, we decline to approve an award of attorney's fee for time spent before the agency.

The defendant has not offered an objection to the approval of a reasonable award for court-related representation. Attorney's fees for representation at the district court level are limited by *42 U.S.C. § 406(b)(1),* not to exceed twenty-five percent of past due benefits. We note this so that the Commissioner may coordinate any fees granted for services at the administrative level with its award, approved herein, so that the total allowed fee would not exceed twenty-five percent of past due benefits.[1] *Davis v. Bowen, 894 F.2d 271, 273 (8th*

---

[1] Other circuits which have addressed the issue agree that the aggregate of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits. *Guido v. Schweiker, 775 F.2d 107, 108 (3d Cir.1985); Morris v. Social Sec. Admin., 689 F.2d 495, 497-98 (4th Cir.1982); Webb v. Richardson, 472 F.2d 529, 536 (6th Cir.1972); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir.), cert. denied, 400 U.S. 830, 91 S. Ct. 60, 27 L. Ed.2d 60 (1970); see also Harris v. Secretary of Health & Human Servs.,*

*Cir.1989)*.

We have reviewed counsel's Itemized Statement, purporting to itemize 19 hours spent in the representation of plaintiff before the district court, and find the time claimed to be reasonable. Thus, it appears counsel is entitled to compensation for 19 hours for work performed at the district court level.

In determining the applicable hourly rate, we note that the United States Court of Appeals for the Eighth Circuit has found the lodestar approach more consistent with the statutory mandate of a reasonable fee, with 25% of past due benefits representing the However, with respect to the award of a fee for work performed in district court, the defendant does not object to the amount of the *§ 406(b)* fee, and the undersigned finds the hourly rate of $150.00 to be reasonable. It is uncontroverted that plaintiff's counsel must return the lesser of the two fees, if indeed both a *§ 406(b)* and an *EAJA* fee are awarded, to prevent double recovery.

Accordingly, this Court approves a fee in the amount of $2,850.00, to be paid to counsel, pursuant to *42 U.S.C. § 406(b)*.

Counsel may petition the SSA for the balance of the fee he asserts is due to her, the total fee award not to exceed 25% of the total of past due benefits to which the plaintiff is entitled.

IT IS SO ORDERED.

---

*836 F.2d 496, 498 n. 1 (10th Cir.1987)* (noting agreement among circuits).

AO72A
(Rev. 8/82)

  /s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)